## PolanCO *v.* Franco.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 16.—Resuelto en marzo 17, 1904.

DAÑOS Y PERJUICIOS.—La desestimación de una demanda no es suficiente por sí sola para constituir una causa de acción en favor del demandado para reclamar al demandante daños y perjuicios por el lícito ejercicio de una acción.

OBLIGACIONES—CONTRATOS.—Las obligaciones nacen de la ley, de los contratos y cuasi-contratos y de los actos y omisiones ilícitas o en que intervenga culpa o negligencia.

### EXPOSICIÓN DEL CASO.

En el juicio seguido ante el Tribunal de Distrito de Arecibo, entre partes, de la una, Doña Juana Polanco de la Rosa, como demandante, a la que ha representado ante esta Corte Suprema el Letrado Don José de Guzmán Benítez, y, de la otra, Don Ignacio Franco y Alonso, como demandado, bajo la representación y dirección del Letrado Don Antonio Alvarez Nava, sobre indemnización de perjuicios, cuyo juicio pende ante nos a virtud de recurso de apelación interpuesto por Doña Juana Polanco de la Rosa, contra la sentencia dictada por el referido tribunal, que copiada literalmente dice así:

"*Sentencia* número 4. En Arecibo a 31 de enero de 1903. *Visto* en juicio oral y público ante esta corte de distrito el pleito declarativo de mayor cuantía, sobre indemnización de perjuicios, seguido por el Letrado D. José de Guzmán Benítez, en representación de Doña Juana Polanco y de la Rosa, soltera, mayor de edad, y vecina de Manatí contra Don Ignacio Franco Alonso, comerciante, también de Manatí, y representado en autos por el Letrado D. Antonio Alvarez Nava.

"1. *Resultando:* que con fecha 16 de junio último, el Letrado Don José de Guzmán Benítez, a voz y nombre de Doña Juana Polanco y de la Rosa, presentó, ante esta corte demanda contra Don Ignacio Franco y Alonso, reclamándole indemnización de perjuicios, porque según exponía la demandante, el Sr. Franco Alonso demandó (*) a Doña Juana Polanco, ante la corte de los Estados Unidos, y el Juez

Holt, dictó una resolución dirimiendo la cuestión planteada por falta de excepciones, e impuso las costas al entonces demandante Franco.

"2. *Resultando:* que según agregaba la demanda de la Sra. Polanco, la demanda del Sr. Franco fué presentada en los momentos más críticos para Doña Juana Polanco, no sólo por el golpe mortal que semejante petición asestaba a su crédito y buen nombre, sino también porque se veía obligada a defender sus intereses, seriamente amenazados, haciendo gastos que le era punto menos que imposible cubrir en aquellas circunstancias; que en tan angustiosa situación se vió obligada a abandonar la atención y el cultivo de sus tierras, y las plantaciones de café, y otros productos desmerecieron de tal suerte, que la maleza, los bejucos y la yerba que las cubrían y ahogaban daban a la finca el aspecto de tierras incultas, hasta tal punto que la cosecha del año pasado fué completamente perdida, y la del presente año puede considerarse lo mismo; y que esas contrariedades han ocasionado serios perjuicios a Doña Juana Polanco, tanto por la falta de productos de la finca, como por el demérito que han sufrido y las estima en cantidad que no baja de $1,500 y sube mucho más como se probaría oportunamente.

"3. *Resultando:* que como fundamentos de derecho adujo la Sra. Polanco los artículos 1089, 1092, 1093 y siguientés del Código Civil, relativos a la indemnización de daños y perjuicios, y además la Orden General, número 118, de 1899, en cuanto al pago de las costas del actual litigio; con los documentos que acompañó, presentó las escrituras creditivas de sus condominios y un ejemplar, con su traducción en español, de la resolución adoptada en 27 de marzo último por la corte de los Estados Unidos, declarando sin lugar, por falta de excepciones o réplica, la demanda interpuesta por el Sr. Franco ante dicho tribunal e imponiéndole el pago de las costas, así como una nota privada, suscrita por D. José Eugenio Polanco, de los gastos irrogados a éste, o sea a Doña Juana Polanco, por su comparecencia ante la corte de los Estados Unidos, ascendentes a 538 (dollars) pesos, 70 centavos, oro americano, que se descomponen en 500 pesos al abogado Don José de Guzmán Benítez, según recibo acompañado también, y 38 pesos 70 centavos por viaje a San Juan.

"4. *Resultando:* que conferido traslado al demandado, lo evacuó Don Ignacio Franco Alonso con la dirección del Letrado Alvarez (*) Nava, quien, entre otras cosas, expuso: que después de presentar dicha demanda contra D. Nicanor Polanco y su hermana Doña Juana, el abogado representante de su cliente ante la Corte Federal no pre-

sentó réplica y dejó aquella abandonada, lo que equivale a un, desistimiento, y en tal virtud la corte declaró, la demanda dirimida, condenando en las costas al demandante su representado, lo cual no significa el reconocimiento por el tribunal de la validez y eficacia de los contratos de referencia, ni la pérdida o renuncia, por su parte, del ejercicio de la acción que le compete para pedir la nulidad de los mismos, por ser simulados y haberse hecho en su. perjuicio, y negó la reclamación de Doña Juana Polanco por estimarla improcedente, aduciendo como fundamentos de derecho los artículos 1089 y 1291 del Código Civil, referentes al origen y naturaleza de los contratos, los 1646 y 1656 de la Ley de Enjuiciamiento Civil, relativos a las sentencias de interdictos, en que expresamente se condena a parte determinada a pagar daños y perjuicios, y la Orden General de 20 de marzo de 1899, que habla de la simulación de contratos, y acompañó al escrito de contestación un pagaré de 1,000 pesos especiales, endosado a Franco Alonso, en 20 de febrero de 1898, por Manuel Correa y a su nombre por Everardo Cebollero.

"5. *Resultando:* que abierto el juicio a prueba, ambas partes propusieron documental y testifical, y Doña Juana Polanco propuso, además, prueba de peritos, toda la cual se declaró pertinente y fué practicada, celebrándose el juicio oral con asistencia de los abogados Don José de Guzmán Benítez, a nombre de Doña Juana Polanco y D. Antonio Alvarez Nava, en representación de Don Ignacio Franco Alonso.

"6. *Resultando:* que en la tramitación de este pleito se han observado las formalidades legales.  Siendo Ponente el Juez Presidente Don Felipe Cuchí Arnau.

"1. *Considerando:* que de la prueba practicada en este juicio no aparece la existencia de perjuicios causados a Doña Juana Polanco, por el demandado Don Ignacio Franco Alonso, ni que, con motivo de la demanda que interpuso éste ante la corte de los Estados Unidos contra la citada Polanco, se hubiesen irrogado tales perjuicios ni en el crédito, ni en los bienes de la última.

"2. *Considerando:* que aun en la hipótesis de que se hubiesen irrogado perjuicios a la Polanco por el  simple hecho de haber sido demandada ante la corte de los Estados Unidos, en un pleito que no llegó a fallarse, pero que fué dirimido, por el desistimiento, a favor (*) de la Polanco, el demandante entonces Don Ignacio Franco Alonso, sólo vendría obligado a pagar a la Polanco las costas causadas con la demanda ante la corte de los Estados Unidos, que es a lo único que se le condenó.

"3. *Cconsiderando:* que el artículo 1089 del Código Civil, según el cual las obligaciones nacen de la ley, de los contratos y cuasi-contratos, y de los actos y omisiones ilícitas o en que intervenga cualquier género de culpa o negligencia, demuestra evidentemente que Doña Juana Polanco no tiene acción para reclamar de Don Ignacio Franco, supuesta indemnización de perjuicios, por haber sido demandada lícitamente ante la corte de los Estados Unidos sobre simulación de contratos, pues lo contrario equivaldría a sostener que cada vez que el colitigante de un pleito ordinario obtuviere una resolución judicial a su favor, podría provocar un segundo pleito reclamando indemnización de perjuicios a su adversario.

"4. *Considerando:* que por las razones expuestas, debe desestimarse la demanda de Doña Juana Polanco, con las costas a su cargo.

*Vistos* los artículos 1089, 1090 y 1092 del Código Civil, 371, 1646 y 1656 de la Ley de Enjuiciamiento Civil, y la regla 63 de la Orden General, No. 118, de 1899.

"*Fallamos:* que debemos declarar y declaramos sin lugar la demanda interpuesta por Doña Juana Polanco y de la Rosa, contra Don Ignacio Franco y Alonso, sobre indemnización de perjuicios, con las costas a la demandante. Así lo pronunciamos, mandamos y firmamos: Felipe Cuchí, Otto Schoenrich, Enrique González Darder."

*Rsultando:* que notificada dicha sentencia a dicha Juana Polanco de la Rosa, interpuso contra ella recurso de apelación, que fué admitido, ordenándose que se remitieran los autos a este tribunal, previa citación y emplazamiento de las partes por el término legal, y personadas éstas, se le dió la tramitación correspondiente, habiéndose señalado día para la vista, en la que los abogados de las respectivas partes alegaron lo conducente a sus respectivas pretensiones.

Abogado del apelante: *Sr. José de Guzmán Benítez.*

Abogado del apelado: *Sr. Alvarez Nava.*

EL JUEZ ASOCIADO SR. SULZBACHER, después de exponer los hechos anteriores, emitió la opinión del tribunal.(*)

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Vistos* las disposiciones legales que en la misma se citan.

*Fallamos:* que debemos confirmar y confirmamos la sen-

tencia que en treinta y uno de enero de mil novecientos tres dictó la Corte de Distrito de Arecibo, con las costas a cargo del apelante, y devuélvanse los autos con la certificación correspondiente.

Jueces concurrentes: Sres Presidente Quiñones y Asociados Hernández, Figueras y MacLeary.